IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| ISAAC GREEN, JR.,                )  | |
|     )  | |
|   Petitioner,         )  | |
|     )  | CIVIL ACTION NO. |
|   v.                  )  | 2:22cv610-MHT |
|     )  | (WO) |
| DERRICK CUNNINGHAM,   )  | |
| Warden,                         )  | |
|     )  | |
|   Respondent.         )  | |

## OPINION

Petitioner, who at the time of filing was a federal prisoner designated to a community placement, brought this habeas case under 28 U.S.C. § 2241 contending that he was being held illegally in jail and seeking his release back to the community placement. According to the inmate database maintained by the Bureau of Prisons, petitioner was released from federal custody on June 25, 2024. *See* Federal Bureau of Prisons, www.bop.gov/inmateloc/ (last visited Oct. 28, 2025). Moreover, on October 9, 2025, petitioner was ordered to show cause by October 24, 2025, as to why this case

should not be dismissed as moot.  *See* Order to Show Cause (Doc. 24).  The deadline has passed, and petitioner did not respond.

The court concludes that this case should be dismissed as moot. "As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody." *Djadju v. Vega*, 32 F.4th 1102, 1106-07 (11th Cir. 2022) (quoting *Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1289 (11th Cir. 2019)).  An exception to the rule exists if a petitioner who filed a habeas petition while in custody continues to suffer a collateral consequence of his imprisonment after his release from custody.  *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  However, when a petitioner has been released from custody after the filing of a habeas petition, the burden is "on the petitioner to establish that his case still presents a live 'case or controversy' by demonstrating that a collateral consequence of his imprisonment persists after his release." *Djadju*, 32 F.4th at 1107.  Here,

petitioner has failed to do so.  Accordingly, the court concludes that this case must be dismissed as moot.

An appropriate dismissal order will be entered.

DONE, this the 28th day of October, 2025.

                                /s/ Myron H. Thompson
                             **UNITED STATES DISTRICT JUDGE**